| | |
|---|---|
| Case No. 8:17-cv-866-JLS-JDEx | Date: May 23, 2017 |
| Title: Kensington Capitals, LLC v. Kelly Yi | |

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                                                                    Not Present

**PROCEEDINGS:**    **(IN CHAMBERS) ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2017-00915969-CL-UD-NJC**

     Plaintiff Kensington Capitals, LLC filed this unlawful detainer action against Defendant Kelly Yi on April 21, 2017 in Orange County Superior Court. (Notice of Removal, Ex. A, "Complaint," Doc. 1.) Yi removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Notice of Removal at 2, Doc. 1.) Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*. *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)). For the reasons discussed below, the Court *sua sponte* REMANDS this case to Orange County Superior Court.

     When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-866-JLS-JDEx                                           Date: May 23, 2017
Title:     Kensington Capitals, LLC v. Kelly Yi

Here, Yi identifies various federal statutes that purport to vest the Court with subject matter jurisdiction. (Notice of Removal at 2.) These statutes, however, are irrelevant to determining subject matter jurisdiction in this case because Kensington Capitals' complaint states only a single cause of action for unlawful detainer and implicates none of the federal statutes referenced by Yi. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the *face of the plaintiff's properly pleaded complaint*."). At best, Yi relies upon a federal defense to a state-law claim. The assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal question jurisdiction. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Therefore, the Court has no federal question jurisdiction.

Nor does the present action meet the requirements of diversity jurisdiction. The Complaint expressly states that the amount demanded does not exceed $10,000. (*See* Compl.) Therefore the amount in controversy requirement for diversity jurisdiction is not met. *See* 28 U.S.C. § 1332(a). Moreover, in the absence of a federal question, where the Court's jurisdiction is premised on diversity of citizenship, a removing defendant may not be a citizen of the forum state. Here, Yi's address shows that she is a California citizen and is therefore clearly a forum defendant who lacks the ability to remove a state-court action. *See* 28 U.S.C. § 1441(b).

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case, and REMANDS it to Orange County Superior Court, Case Number 30-2017-00915969-CL-UD-NJC.

Initials of Preparer:  tg